FILED
2015 Aug-03 PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID ANDERSON, III,       )
                              )
      Plaintiff,         )
                              )
     v.                )        2:14-cv-1215-LSC
                              )
CAROLYN W. COLVIN,      )
Commissioner of Social Security,   )
                              )
     Defendant.      )

## MEMORANDUM OF OPINION

### I.    Introduction

The plaintiff, David Anderson, appeals from the decision of the Commissioner of the Social Security Administration denying his application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. Mr. Anderson timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Anderson was forty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision. He has completed two years of college, and has past relevant work experience as a machine operator and youth care worker. (Tr.

37-38, 48-49.) Mr. Anderson claims that he could not work beginning on November 7, 2010, due to congestive heart failure, diabetes, high blood pressure, and lower back pain. (Tr. at 151.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The

decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled.  *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying this sequential evaluation process, the ALJ found that Mr. Anderson met the insured status requirements of the Social Security Act through December 31, 2015. (Tr. at 28.) She determined that Mr. Anderson had not engaged in SGA since the alleged onset of his disability. (Tr. at 21.) Although the impairments caused by Mr. Anderson's insulin-dependent diabetes mellitus, coronary artery disease with remote (1999) history of anterior myocardial infarction, hypertension, gastroesophageal reflux disease, history of congestive heart failure, and obesity are considered "severe" based on the requirements set forth in the regulations, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 21-22.) The ALJ did not find Mr. Anderson's allegations to be totally credible, and she determined that he has the RFC to lift or carry up to 10

pounds continuously, up to 20 pounds frequently, and up to 50 pounds occasionally; sit for four hours at one time and a total of eight hours in an eight-hour workday; stand 20 minutes at one time and a total of two hours in an eight-hour workday; walk for 15 minutes at one time and a total of two hours in an eight-hour workday; had no limitations in reaching, handling, fingering, feeling, or pushing or pulling with the upper extremities bilaterally; and could otherwise perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he could balance, stoop, kneel, and operate foot controls only occasionally; was unable to crouch, crawl, or climb stairs, ramps, ladders, and scaffolds; could tolerate only occasional exposure to moving mechanical parts, operating a motor vehicle, humidity and wetness, pulmonary irritants, and vibration; and is unable to tolerate any exposure to extremes of temperature. (Tr. at 23.)

The ALJ determined that Mr. Anderson is unable to perform any of his past relevant work. (Tr. at 27.) He is a "younger individual," and he has "at least a high school education," as those terms are defined by the regulations. (*Id*.) She determined that the transferability of Mr. Anderson's job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Mr. Anderson is "not disabled," whether or not he has transferable job skills. (Tr. at 27.) The ALJ found that Mr. Anderson has the

RFC to make a successful adjustment to other work that exists in significant numbers in the national economy. *Id.* Even though Mr. Anderson cannot perform the full range of light work, the ALJ used the Medical-Vocational Rules as a guideline for finding that there are a significant number of representative light occupations in the national economy that he is capable of performing, such as trimming machine operator. *Id.* The ALJ concluded her findings by stating that Mr. Anderson "has not been under a disability, as defined in the Social Security Act, from November 7, 2010, through the date of this decision." (Tr. at 28.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Mr. Anderson requests that the ALJ's decision be reversed for three reasons. First, he contends that the ALJ's RFC findings are not based on substantial evidence. Second, Mr. Anderson contends that the ALJ failed to develop the record. Finally, he argues in passing that the ALJ erred at step two by failing to find certain conditions "severe."

### A.    Substantial Evidence Supports the ALJ's RFC Assessment

The plaintiff contends generally that the ALJ's RFC findings were not based on substantial evidence. In support, Plaintiff alleges specifically that the ALJ's finding that he could perform a reduced range of light work was inconsistent with the finding that he could lift up to 50 pounds occasionally, an ability consistent with medium work. Plaintiff also contends that the ALJ's finding that he was unable to crouch and could only occasionally stoop is inconsistent with the lifting requirements for a full range of medium work, which requires frequent bending and stooping. He also argues that the ALJ failed to account for his obesity in the RFC determination.

The regulations specifically state that the responsibility for assessing a claimant's RFC rests with the ALJ. *See* 20 C.F.R. § 404.1546(c); Social Security Ruling ("SSR") 96-5p.  The assessment of a claimant's RFC is "based on all the

relevant evidence in [the claimant's] case record," and not simply on a doctor's opinion. 20 C.F.R. § 404.1545(a)(1).

With regard to Plaintiff's first contention, the Commissioner's regulations define light work as that involving lifting of no more than 20 pounds with frequent lifting of up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). Light jobs also include those which require a good deal of walking, or seated jobs with some pushing and pulling of hand and foot controls. *Id.* The regulations define medium work as that involving lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c). If someone can do medium work, he or she can also do sedentary and light work. *Id.* The ALJ found that Plaintiff could lift and/or carry only up to 20 pounds frequently, a lifting limitation inconsistent with medium work, which requires the ability to lift up to 25 pounds frequently. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c); Social Security Ruling ("SSR") 83-10.3. However, the ALJ also found Plaintiff could lift up to 50 pounds occasionally, which is consistent with medium work. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c). Plaintiff's lifting limitations within the RFC fell in between the definitions of light and medium work, and in such situations, SSR 83-124 directs the adjudicator to call upon the testimony of a VE. The ALJ followed the regulations by doing that here. Particularly, the VE testified

that the hypothetical individual with these limitations could still perform the requirements of representative light occupations such as trimming machine operators, unskilled work with an estimated 140 jobs in the region of northeast Alabama and 72,000 jobs nationally; mold fillers, unskilled work (SVP 2) with an estimated 210 jobs regionally and 104,000 jobs nationally; and assembly machine tender, unskilled work (SVP 2) with an estimated 180 jobs in the region and 92,000 jobs nationally. (Tr. 27, 49-51). The ALJ is required at step five to compare Plaintiff's RFC to the physical and mental demands of specific jobs found in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the VE can identify a significant number of jobs that such an individual could perform, a finding that Plaintiff is not disabled is due to be affirmed so long as the physical and mental limitations contained in the hypothetical accurately reflect the RFC. *See Phillips*, 357 F.3d at 1240. Here, the ALJ concluded that Plaintiff was not disabled based on the VE's testimony that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. at 23, 27-28, 49-51). As such, Plaintiff's argument fails because even if Plaintiff is correct that the ALJ erred by finding Plaintiff could lift as much as 50 pounds because such a finding was inconsistent with light work, Plaintiff has not shown that he could not perform the jobs indicated by the VE, which were light work jobs.

Plaintiff's next argument fails for the same reason. He points out that pursuant to SSR 83-10, the lifting required for the "full range" of medium work "usually" requires frequent bending and stooping, but in this case, the ALJ found that Plaintiff was unable to crouch and could only occasionally stoop. However, as noted above, the ALJ did not find that Plaintiff could perform medium work at all, much less the full range of medium work; she found that Plaintiff could perform light work with additional limitations, which she included in her hypothetical questions to the VE. (Tr. at 49-51). The VE testified, as noted above, that the individual could perform light work jobs such as trimming machine operator, mold filler, and assembly machine tender. *Id.* Plaintiff has not shown that even if the ALJ erred by limiting him to occasional stooping, which is inconsistent with the full range of medium work, that he could not perform the jobs indicated above, which were light work jobs, not medium work jobs.

With regard to Plaintiff's third argument regarding his obesity, SSR 02-1p6 explains the Commissioner's policy on the evaluation of obesity. The agency no longer qualifies obesity as a "listed impairment," but the ruling "remind[s] adjudicators to consider its effects when evaluating disability." SSR 02-1p states:

> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with

obesity *may* have problems with the ability to sustain a function over time.

*Id.* (emphasis added). Here, the ALJ expressly considered Plaintiff's obesity in the RFC assessment in combination with Plaintiff's impairments. (Tr. at 21, 23, 26). The ALJ accounted for Plaintiff's limitations due to obesity in the RFC assessment by limiting Plaintiff to light work with additional limitations. (Tr. at 17, 21). For instance, the ALJ even gave only partial weight to the opinion of the state agency medical consultant who found that Plaintiff was able to crouch, crawl, and climb ramps/stairs for up to one third of a workday, because the assessment failed to consider the full impact of Plaintiff's obesity. (Tr. at 26). Based on the foregoing, Plaintiff has not shown that the RFC assessment is in some way flawed due to failure to consider his obesity, because the ALJ did consider his obesity in assessing his limitations.

### B.    The ALJ Did Not Err by Failing to Develop the Record

Plaintiff also argues that the ALJ failed to develop the record by not re-contacting the consultative examiner to obtain an unspecified clarification regarding "conflict, inconsistency, ambiguity or insufficiency" in the evidence. Plaintiff further argues that the ALJ should have sought a medical expert opinion after evidence in 2012 showed that he had increased lower extremity edema.

The ALJ has a duty to develop the facts fully and fairly and to probe conscientiously for all of the relevant information. *Ware v. Schwieker*, 651 F.2d 408, 414 (5th Cir. 1981). However, in all social security disability cases, the claimant bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty*, 245 F.3d. at 1278; 42 U.S.C. § 423(d)(5). An ALJ has many options, but no affirmative requirements, for settling an inconsistency or insufficiency in a claimant's medical record. *See* 20 C.F.R. § 404.1520b.  She has the option to contact the treating physician, ask the claimant for additional records, request a consultative examination, or ask the claimant and/or others for more information. *Id.* The ALJ may exercise all or none of these potential remedies. *Id.* She is not required to take any of those steps if she determines that weighing the available evidence will be sufficient. *Id.* Therefore, where the ALJ's findings are supported by evidence sufficient for a decision, the ALJ is not obligated to seek additional medical testimony. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

Furthermore, before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830

(11th Cir.1982) (quoting *Ware*, 651 F.2d at 413). "Although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before [a reviewing court] will remand for further development of the record." *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)).

While the regulations provide that the ALJ will re-contact a consultative examiner when his or her report is inadequate or incomplete, 20 C.F.R. §§ 404.1519p(a), (b), 416.919p(a), (b), the ALJ was not required to re-contact Dr. Gordon, the consultative examiner, because his report was not inadequate or incomplete. (Tr. at 345-348) Particularly, Plaintiff failed to point to evidence that his edema worsened after Dr. Gordon performed the consultative examination, that any physician imposed limitations due to edema after Dr. Gordon's examination, or that additional limitations and another examination was warranted. Furthermore, the ALJ did expressly consider the Plaintiff's edema, noting that findings on examination consistently included 1+ to 2+ lower extremity edema, but that there was no evidence of pitting, ulceration, or other complications and no evidence that Plaintiff's physician recommended that he elevate his leg while he sat. (Tr. at 25.)

With regard to Plaintiff's claim that the ALJ should have asked for and considered the opinion of a medical examiner, the ALJ was not required to seek an

additional opinion when the record provides substantial evidence to support the ALJ's decision. *See Wilson*, 179 F.3d at 1278. Plaintiff has not explained why the ALJ should have obtained such evidence. Furthermore, Plaintiff has not made any showing of prejudice, which is required for this Court to remand for further development of the record. *Robinson*, 365 F. App'x at 995 (unpublished) (citing *Brown*, 44 F.3d at 935 (11th Cir. 1995)). Plaintiff has not demonstrated that the ALJ failed to develop the record in any way.

### C.    The ALJ Did Not Err at Step Two

Finally, Plaintiff also perfunctorily claims that the ALJ erred in dismissing chronic knee and back pain as medically determinable "severe" impairments at step two, but Plaintiff did not elaborate on his argument or provide citations to authority to support his argument. (Doc. 9 at 8). By failing to elaborate on or provide citation for his claim, Plaintiff has waived this argument. *See N.R.L.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities are generally deemed to be waived."). In any event, the ALJ did specifically consider Plaintiff's allegations of chronic knee and back pain and made a determination, supported by Dr. Gordon's opinion, that these conditions were not medically determinable severe impairments. (Tr. at 22.) Even if Plaintiff had not waived the

argument, it would fail on the merits. The Eleventh Circuit has stated, "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," provided the ALJ considered the claimant's impairments in combination. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Notably, the ALJ found that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a listed impairment (tr. at 22), which is sufficient to show that the ALJ considered the combined effect of all of Plaintiff's impairments. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Wilson*, 284 F.3d at 1224-25. In other words, regardless of which specific impairments the ALJ determined were severe, "the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires." *Heatly*, 382 F. App'x at 824-25; *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Plaintiff failed to show that the ALJ erred at step two of the evaluation.

## IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. Anderson's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON AUGUST 3, 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704